UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NANCY WALSH, )  )        Plaintiff, )      v. ) )  ROCKFORD ANESTHESIOLOGISTS ) ASSOCIATED, LLC, ) )        Defendant. ) | Case No. 08 C 50085  Judge Kapala  Magistrate Judge Mahoney |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6)
MOTION TO DISMISSCOUNT II OF PLAINTIFF'S COMPLAINT**

Plaintiff, NANCY WALSH (WALSH) by her attorney, for her Response to Defendant's, ROCKFORD ANESTHESIOLOGISTS ASSOCIATED, LLC (RAA) Memorandum Filed in Support of its Rule 12(b)(6) Motion to Dismiss Count II Plaintiff's Complaint, states:

**I.  Standard of Review**

A complaint is properly dismissed under Rule 12(b)(6) if looking only at the allegations within Plaintiff's complaint and taking all the facts alleged by Plaintiff to be true and construing all inferences in favor of Plaintiff, the complaint fails to state a claim upon which relief can be granted.  *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992).  Dismissal is improper "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Straus v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

**II.  Count II - Breach of Contract**

Plaintiff is a resident of South Beloit, Illinois and Defendant, ROCKFORD ANESTHESIOLOGISTS ASSOCIATED, LLC (RAA) is a limited liability company registered to do business in Illinois and located in Rockford, Illinois.  Plaintiff's employment was within

1

Rockford, Illinois. As such, Illinois law is applicable to Plaintiff's breach of contract claim at Count II.

In this case, WALSH is not asserting modification of the employee-at-will doctrine but rather a claim to specific benefits that are set forth within her written contract and the employee handbook. WALSH's employment is governed by a written employment agreement (Exhibit A) as well as the "Employee Benefit Programs" as set forth within the "Handbook for CRNA Employees of Rockford Anesthesiologists, Associated, LLC" (Handbook). The employment agreement at paragraph 2 provides that "during each calendar year, the CRNA shall be entitled to receive one week compensated sick leave, one (1) working day compensated vacation accrued at the rate of each 80 hours worked and one (1) working day with compensation for each 416 hours worked to attend medical meetings." There is no forfeiture provision contained within the parties' contract, with the exception of the first "initial term of this agreement" which ran between October, 2000 and October, 2001.

The handbook's disclaimer language does not negate RAA's obligations pursuant to either the employment agreement or the "employee benefit programs" provisions beginning at page 22. WALSH does not claim that the handbook provides her with a "contract for employment for any period of time" but merely claims that she is entitled to promised benefits. Although the handbook also purports to allow for amendments, there is nothing to suggest that the employee benefit provisions that WALSH seeks to enforce were ever amended by RAA. WALSH relies upon a specific promise contained both within paragraph 2 of her written employment agreement attached to the Complaint as Exhibit A, as well as the FMLA bank accrual provision located at page 25 of the RAA Handbook.

In *Dow v. Columbus-Cabrini Medical Center*, 274 Ill.App.3d 653, 655 N.E.2d 1 (1st Dist. 1995), a former employee sued former employer for the value of unused sick-day time. The Circuit Court entered summary judgment for employer and the Appellate Court reversed. The Appellate Court held that the promise to pay accumulated sick-day pay was certain and that any ambiguity regarding the handbook's language must be construed against the drafting employer. *Dow*, 274 Ill.App.3d at 656 and 659. In this case, nothing within RAA's disclaimer language negates either the promise of one week's compensated sick leave per each calendar year contained within paragraph 2 of the employment agreement, or the bank accrual promise for sick time hours clearly promised at page 25 of the handbook. Certainly, the handbook cannot be used to negate WALSH's preexisting contractual entitlement pursuant to paragraph 2 of the employment agreement attached to her Complaint as Exhibit A. *Ross v. May Co.*, 377 Ill.App.3d 387, 392, 880 N.E.2d 210 (1st Dist. 2007) (trial court erred in dismissing Plaintiff's breach of contract claim based upon revised handbook language that purported to modify Plaintiff's employment contract. Any modification of an existing contract, like a newly formed contract, requires consideration to be valid and enforceable. *Doyle v. Holy Cross Hosp.*, 186 Ill.2d 104, 105, 708 N.E.2d 1140, 1145 (Ill. 1999).

In the "Welcome" section of the handbook (page five) attached as Exhibit A to RAA's motion, the language specifically advises employees that they are to "find helpful information regarding our employment policies as well as benefits available to you as a Rockford Anesthesiologists Associated employee." This language supports WALSH's claim. When there is inconsistent or conflicting contractual language, the Court must give effect to an interpretation that best reconciles and harmonizes each provision with the remainder of the parties' agreement. *Seehawer v. Magnecraft Elect. Co.*, 714 F.Supp. 910, 914 (N.D. Ill. 1989). Additionally, to the

extent that provisions are irreconcilable on their face, the clarification of ambiguities in contractual provisions is to be left to the trier of fact.  *Seehawer*, 714 F.Supp.at 915.  (Citing *LaSalle National Bank v. Service Merchandise Co.*, 827 F.2d 74, 78 (7th Cir. 1987).  Moreover, ambiguities in the language contained within an employee manual must be construed against the drafter.  *Duldulao*, 115 Ill.2d at 493; *Wheeler v. Phoenix Co. of Chicago*, 2767 Ill.App.3d 156, 163, 658 N.E.2d 532 (2d Dist. 1995).

The handbook disclaimer language which RAA relies upon states  "This handbook does not constitute a contract for employment **for any period of time** (emphasis added) but merely sets forth policies and procedures in effect on the date it was issued."  The third paragraph further emphasizes that only RAA's Board of Managers or President has authority to enter into an agreement "for any specific period of time or to make any promises or commitments regarding your length of employment."  Nothing within that disclaimer language negates benefit commitments.  The disclaimer only negates claims that the handbook establishes a term of employment.

Defendant's reliance upon *Doe v. First National Bank of Chicago*, 865 F.2d 864, 873 (7th Cir. 1989) is misplaced.  In the *Doe* case, the Seventh Circuit first determined that the language within *Doe's* employee handbook did not create enforceable contractual rights because the language *Doe* relied on did not have the requisite positive and mandatory language so as to create an enforceable promise.  The memo *Doe* relied on was construed as "informational in tone" only describing major and minor offenses without the requisite specific disciplinary procedures necessary to find an actionable promise pursuant to the *Duldulao* requirement.  Second, *Doe* failed to attach the policy manual upon which she purported to rely.  Third, the Court held that the policy manual contained a specific disclaimer that addressed directly *Doe's*

4

claim that the manual created a promised termination of employment procedure. The disclaiming language also explicitly stated "Employment can be terminated at any time for any reason by either the employee or FCC."

RAA also references a document titled "Employee Handbook Understanding and Consent." RAA does not provide a signed version of that document and anything beyond the face of the Complaint and its attachments are beyond the scope of a Rule 12(b)(6) Motion to Dismiss. Furthermore, even if the handbook does not in and of itself create a "contract of employment by placing these matters in writing," a combination of WALSH's written employment agreement attached to the Complaint as Exhibit A and other representations to WALSH including, but not limited to, oral representations, statements made within her payroll checks and in conjunction with the employee handbook can in their entirety, establish an enforceable agreement. Therefore, RAA's Rule 12(b)(6) Motion is premature and must also be denied on that basis.

### III. Count III - Civil Extortion

Plaintiff has moved to dismiss Count III without prejudice.

WHEREFORE, Plaintiff requests that Defendant's Rule 12(b)(6) Motion to Dismiss Count II be denied.

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for Nancy Walsh

**CERTIFICATE OF SERVICE**

     Justin R. Gaffney certifies that on July 7, 2008, he e-filed the above and foregoing via the Case Management/Electronic Case Filing System with the Clerk of the U.S. District Court, Northern District of Illinois, Western Division.  The parties may access this filing through the Court's Electronic Filing System, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

                                      /s/ Justin R. Gaffney_____  
                                      Justin R. Gaffney  
                                      Attorney for Nancy Walsh

Glenn R. Gaffney (6180598)  
Justin R. Gaffney (6281428)  
Gaffney & Gaffney  
1771 Bloomingdale Road  
Glendale Heights, IL 60139  
(630) 462-1200